IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AROR-ARK O'DIAH,

    Plaintiff,

  v.

JUDGE WILLIAM DUANE BENTON, JUDGE KENT A. JORDAN, JUDGE RONALD LEE GILMAN, JUDGE TREVOR NEIL MCFADDEN, SEARS ROEBUCK AND COMPANY, LIBERTY MUTUAL INSURANCE, NASSAU COUNTY, PORT AUTHORITY POLICE OFFICER THOMAS EDDINGS, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, COMMISSIONER KENNETH LIPPER AND SUPERINTENDENT/DIRECTOR MICHAEL A. FEDORKO, ACTING COMMISSIONER ANTHONY J. ANNUCCI, AND NEW YORK STATE, DISTRICT ATTORNEY RICHARD BROWN AND NEW YORK CITY, JUDGE ARTHUR COOPERMAN, JUDGE RANDALL ENG, JUDGE SANDRA J. FEUERSTEIN, JUDGE DENIS JACOBS, COURT CLERK CATHERINE O'HAGAN WOLF, ACTING DIRECTOR AND CONSUMER FINANCIAL PROTECTION BUREAU, UNITED STATES DEPARTMENT OF STATE, CEO MEGAN J. BRENNAN AND INSPECTOR GENERAL FOR THE UNITED STATES POSTAL SERVICE AND THE UNITED STATES POSTAL SERVICE, INTERNAL REVENUE SERVICE COMMISSIONER JOHN KOSKINEN AND INTERNAL REVENUE SERVICE, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF EDUCATION, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, KINGS COUNTY HOSPITAL CENTER, QUEENS HOSPITAL CENTER, ELMHURST HOSPITAL CENTER, EXECUTIVE DIRECTOR HENCH AND DIRECTOR KOLLER LEE

No. C 19-01854 WHA

**ORDER RE MOTION TO DISMISS**

AND THE STATE OF PENNSYLVANIA, HERTZ CORPORATION RENT A CAR, JERRY OLIK MARK AND HEREFORD INSURANCE COMPANY, USMAN PASHA AND LT WHEELS AND BECKMAN COULTER INC., UNITED PARCEL SERVICE, HEWLET-PACKARD a/k/a HP, JP MORGAN CHASE & CO. a/k/a JP MORGAN CHASE CORPORATE a/k/a CHASE BANK, WESTERN UNION, STAPLES STORE #0065 a/k/a STAPES, INC. a/k/a STAPLES CORPORATION, STEPHEN BILKIS AND MEIR MOZA,

   Defendants, Named and Sued in their individual and in their Official Capacities.

_____/

## INTRODUCTION

In this civil rights action, plaintiff has filed an *in forma pauperis* application and a complaint with over one hundred allegations. For the reasons below, plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and this case is **DISMISSED** without prejudice.

## STATEMENT

In April 2019, plaintiff Aror-Ark O'Diah, requesting to proceed *pro se*, brought this action against forty-six defendants, among whom are federal judges, heads of federal agencies, employees of state and local agencies in New York, and various corporate entities. This case was related to C 19-0816 by April 29 order of the undersigned (Dkt. No. 8). That case has a Referral and Recommendation from a Magistrate Judge, so is dealt with in a separate order.

Here, plaintiff alleges wide-ranging conspiracy against him, from judges retaliating for judicial misconduct complaints he filed, to Sears and Roebuck encouraging a fellow employee to assault plaintiff, to false imprisonment for failing to pay child support. Plaintiff alleges improper calculations of his Social Security benefits, being set on fire while he was in prison, being refused medical treatment due to his lack of health insurance, and a litany of other disjointed allegations (Dkt. No. 1). Plaintiff filed a motion to proceed *in forma pauperis* (Dkt. No. 4).

## ANALYSIS

Congress' goal in creating the *in forma pauperis* statute was to put indigent plaintiffs on a similar footing with paying plaintiffs. Congress recognized, however, that a litigant whose

filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive litigation, 28 U.S.C. Section 1915(e)(2) requires federal courts to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

In defining the meaning of "frivolous" under Section 1915(e)(2)(B), the United States Supreme Court has held that the *in forma pauperis* statute gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). "A court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations . . . [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies.

In this complaint, plaintiff throws a wide net, naming dozens of defendants, including federal judges, the United States Department of State, the United States Postal Service, the Consumer Financial Protection Bureau, the Internal Revenue Service, United Parcel Service, Hewlett-Packard, Chase Bank, Staples Store, Western Union, such disparate individuals as a driver who allegedly hit plaintiff with his car, and health providers in several locations where plaintiff sought treatment on multiple occasions. The allegations are inter-woven between unconnected defendants over nearly two decades. In the 146 sequentially-numbered paragraphs

of the complaint, not a single viable legal claim is plainly alleged, and no defendant reasonably could be expected to prepare a proper response to this pleading in its current form.

Plaintiff provides no support for his allegations other than his characterizations and therefore his broad conspiracy allegations fail. As drafted, the complaint does not comply with Rule 8(a) and it will be dismissed without prejudice.

## CONCLUSION

Accordingly, plaintiff's claims against all defendants are **DISMISSED**.

**IT IS SO ORDERED.**

Dated: May 14, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE